# UNITED STATE DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Case Number: 05 – 11834 GAO

| | |
|---|---|
| Comcast Of Southern New England, Inc. ("Comcast") Plaintiff | |
| VS. | DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT |
| Mary Ahearn Defendant | |

1. Defendant is without sufficient knowledge or information to admit or deny allegations contained in paragraph one of the complaint. However Defendant says that she never caused injury to the Plaintiff.

2. Defendant denies that she ever used a statutorily prohibited device and intercepted a Plaintiff's signal illegally.

3. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendant resides at 69 Kennedy Drive, North Chelmsford.

5. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 10 of the Complaint.
11. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 11 of the Complaint.
12. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 12 of the Complaint.
13. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 13 of the Complaint.
14. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 14 of the Complaint.
15. Defendant denies the allegation(s) in paragraph 15 of the complaint.
16. Defendant denies the allegation(s) in paragraph 16 of the complaint.
17. Defendant's answers are the same as previously set forth for the allegations in paragraphs 1 through 16.
18. Defendant denies the allegation(s) in paragraph 18 of the complaint.
19. Defendant denies the allegation(s) in paragraph 19 of the complaint.
20. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 20 of the Complaint.
21. Defendant denies the allegation(s) in paragraph 21 of the complaint.
22. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 22 of the Complaint. Defendant denies illegally taking the Plaintiff's signals.
23. Defendant denies the allegation(s) in paragraph 23 of the complaint.
24. Defendant's answers are the same as previously set forth for the allegations in paragraphs 1 through 23.
25. Defendant denies the allegation(s) in paragraph 25 of the complaint.
26. Defendant denies the allegation(s) in paragraph 26 of the complaint.
27. Defendant denies the allegation(s) in paragraph 27 of the complaint.

## DEFENDANT'S AFFIRMATIVE DEFENCE

The installation of the new box and removal of the so called "descrambling device" on September 16, 2002 was occasioned by the Defendant's request to Comcast for access to HBO.

The work order for September 16, 2002, (attached hereto "A") shows the order for HBO under "work to be performed".

The Plaintiff's action was not brought in accord with the applicable statute of limitation, and was brought so late as to involve laches.

## DEFENDANT'S COUNTCLAIM

The Defendant says that the Plaintiff had at hand, or within reach, sufficient data to know before beginning suit that the suit had no merit. The Plaintiff was negligent in commencing suit.

The plaintiff requests that the Honorable Court assess damages in terms of emotional distress, commercial time required of the Defendant to defend the case, and attorney fees required in defense of the case.

Mary Ahearn
By Her Attorney

Gerald B. Gallagher, BBO#183220
9 Main Street
P.O. Box  2085
Acton, MA  01720
Telephone:   978 263 8331

# WORK ORDER

BROADBAND

| | TECH | WORK ORDER NUMBER | PRINT DATE |
|---|---|---|---|
| JOB NO. | 8829 | 018631552100008007 | 09/16/02 |

| SUBSCRIBER NUMBER | RESIDENCE PHONE | BUSINESS PHONE | W.O. DESCRIPTION | SCHEDULED DATE | TIME | UNITS |
|---|---|---|---|---|---|---|
| 78103940157680 | 978-251-7061 | 978-318-9800 | VIDEO CHG OF SV | 9/16/02 | 9-11A | |

| SERVICE NAME AND ADDRESS | VIP | SUB STATUS | MAP CODE | MGMT. AREA | SERV. AREA | SALES REP. | MISC. | SCHED CATG |
|---|---|---|---|---|---|---|---|---|
| TRAN, MARY  940157680 KENNEDY DR CHELMSFORD MA 01863-1552 | | | G136 | GJ | | 10362 | 7240 | |

| | REPRINT | HEAD END | DWELLING TYPE | TYPE HOOK-UP |
|---|---|---|---|---|
| | | 10 | NBTEN C51-100 U | UNDERGROUND |

| CALLER NAME | LAST PAYMENT DATE | | POLE OWNER | POLE NUMBER |
|---|---|---|---|---|
| | 08/16/02 | R DIGI/DOC/TELE | MA014724 | MA 0147 |

| NOTES TO TECHNICIAN | DROP LOCATION | NUMBER OUTLETS |
|---|---|---|
| TO DTV HB, 1 BOX ONINST=REMOVE/SWING HORZ | UNKNOWN | |

| CODE | QTY. | DISCOUNT | WORK TO BE PERFORMED DESCRIPTION | CHARGE | CPE OUTLET / SERIAL NUMBER / TYPE / STATUS / SERV CODE | CURRENT BALANCE |
|---|---|---|---|---|---|---|
| | 0-1* | | DTV BOX/REM | 5.25 | A  -CB59ACLXP   -G -R | 46.67 |
| | 0-1* | AA | DIG BRNZ HBO | | Q19EAD19  Customer -VIDEO | CURRENT AMOUNT 46.67 |
| | 1-0* | | ANALOG BOX | | BA-$$-76-BD  Bill | |
| | 1-0* | | REMOTE | | | DELINQUENT AMOUNT 0.00 |
| | 0-1* | Z3 | DTV UPGRADE | | | |
| | 1-1 | | BASIC | 8.94 | GI 1122TBC728 | CYCLE CODE 04 / DELQ DAYS 000 |
| | | | EXPANDED | 30.27 | | NEXT STATEMENT BALANCE 107.00 |
| | | | TEMP DISCNTS | 15.95 | COVER SSR-4 | DEPOSIT AMOUNT 0.00 |

PREVIOUS TROUBLE CALL INFORMATION

| TROUBLE CALL REASONS |
|---|
| WO RSN: CSSR SALE |

TAG NO. R6944

| TOTAL AMOUNT TO COLLECT | TOTAL AMOUNT PAID |
|---|---|

| COMPLETION | TROUBLE CALL RESOLUTION CODES | SIGNAL LEVELS (REQUIRED) / PROBLEM CHANNEL |
|---|---|---|
| TECH # | START TIME | STOP TIME | | 3* | 24 | 58* | 75 | 117* |
| 8829 / YM | 9:05 | 9:30 | | | | | | |

I, the undersigned hereby confirm installation of service and I acknowledge receipt of the Subscriber Privacy Notice and read a copy of this agreement. And in consideration of the installation of service and the performance of service by the service technician, the customer agrees to the terms and conditions of the agreement on the reverse side.

TECHNICIAN COMMENTS

DIGITAL A TO SWAP