UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Comcast of Southern New England, Inc.** ) | Case No.: 1:05-cv-11834-GAO |
| ) | |
| ) | **JOINT STATEMENT OF THE PARTIES** |
| **Plaintiff** ) | |
| ) | **PURSUANT TO LOCAL RULE 16.1(D)** |
| vs. ) | |
| ) | |
| ) | |
| **Mary Ahearn** ) | |
| ) | |
| **Defendant** ) | |

Now comes the Plaintiff, Defendant in the counterclaim, Comcast, and the Defendant, Plaintiff in the counterclaim, and pursuant to Local Rule 16.1(D), they do hereby submit the following Joint Statement to this Honorable Court.

### I.  PARTIES' CONFERENCE

John M. McLaughlin, Counsel for the Plaintiff and Gerald B. Gallagher, Counsel for the Defendant, do hereby certify that they teleconferenced on the issues required be discussed pursuant to this rule on May 12, 2006.

### II.  SETTLEMENT PROPOSAL

Defendant's counsel and Plaintiff's counsel do hereby certify that they received Settlement Proposals from each other. At this time, neither the Plaintiff nor the Defendant are in a position to accept the other's demand for settlement of the above matter.

### III.  MEDIATION

The Parties agree to submit this dispute to non-binding mediation before the Senior Judge, Magistrate, or Panel Member pursuant to Local Rule 16.4(c)(4). The mediation can occur as soon as Defendant's discovery is complete.

1

## IV.     JOINT STATEMENT AS TO DISCOVERY/MOTIONS

The following represents the Agreement of the Parties and is submitted to the Court such that the Court can utilize same in devising the Scheduling Order. The parties request that the hearing on the scheduling order be handled telephonically.

1. The Defendant has already served discovery upon the Plaintiff. The Parties agree that this discovery was premature and not in conformity with pertinent Rules and/or standing orders. Accordingly, the parties agree the effective date of service of discovery on Plaintiff will be the date of this Court's order.

2. All fact discovery should be completed by December 1, 2006.

3. The depositions of non-expert witnesses shall not exceed seven (7) hours per witness unless leave of the Court has been obtained or a written stipulation of the parties has been entered into to exceed said seven (7) hour limitation. The parties may also utilize subpoena duces tecum in conjunction with these non-expert depositions. At this point in time, the Defendant expects to waive her rights to oral depositions. Defendant reserves the right to move for an order allowing the Defendant to utilize additional interrogatories over and above the 25 normally mandated and for leave to depose Plaintiff's expert by written interrogatories. Plaintiff does not assent to this extra discovery at this point, and the Plaintiff will respond to said motion in the future with the understanding that it may be forthcoming.

4. The Parties propose that the written discovery shall include, but be not limited to, interrogatories, requests for production, and requests for admissions. Pursuant to Fed. R. Civ. P. 33, interrogatories shall be limited to 25 in number, including sub-parts. Pursuant to Fed. R. Civ. P. 34, each person shall have the opportunity to submit two sets of requests for production of documents and things to the other party.

5. The Plaintiff shall disclose to the Defendant all experts relied upon by the Plaintiff Defendant no later than December 1, 2006.

2

6. The Defendant shall disclose to the Plaintiff all experts relied upon by the Defendant no later than December 15, 2006.

7. All expert discovery shall be completed by February 1, 2007, expert discovery shall include any motions related to the examination and/or testing of the converter/descrambler which is the subject of this civil action.

8. Motions, including motions filed pursuant to Fed. R. Civ. P. 56 shall be filed no later than February 15, 2007.

9. On or about March 15, 2007 court will hold a hearing on any pending motions not already determined and/or on the status of the case.

## V. CERTIFICATION

Counsels for the parties certify by their signatures below they have conferred with their clients pursuant to Local Rue 16.1(D) as to:

1. Establishing a budget for the cost of conducting the full course and various alternative courses of litigation; and

2. To consider the resolution of litigation to the use of alternative dispute resolution programs.

## VI. CONSENT TO APPEAR BEFORE A MAGISTRATE

The Parties are both amenable to Trial before a Magistrate. Defendant still reserves her right to trial by jury if any of the counts are so triable.

                                            Respectfully Submitted for the Plaintiff,
                                            By Its Attorney,

_5/19/06_____       _/s/ John M. McLaughlin_____
Date                                      John M. McLaughlin
                                            **Green, Miles, Lipton & Fitz-Gibbon LLP**
                                            77 Pleasant Street
                                            P.O. Box 210
                                            Northampton, MA 01061-0210
                                            Telephone: (413) 586-0865
                                            BBO No. 556328

_[signature]_
Deena Vandeberghe
Settlement and Collections Manager

                                              Respectfully Submitted for the Defendant,

May 19, 2006
Date

                                              Gerald B. Gallagher
                                              9 Main Street
                                              P.O. Box 2085
                                              Acton, MA 01720
                                              (978) 263-8331

                                              Respectfully Submitted by the Defendant,

May 19, 2006
Date

                                              Mary Ahearn